ORLANDO SALTMARSH and another *v.* GEORGE W. AVERY.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

MARTIN, J. The petition states that the defendant and one Reeside, having been successful bidders for two contracts for the conveyance of the mail, the defendant purchased the right of Reeside therein, and, in consideration of the sum of six hundred and fifty dollars received from the plaintiffs, agreed to transfer the said contracts to them, who undertook to transport the mail according to these contracts, from and after the 1st of January, 1835; and that the defendants further agreed to make such assignments, and to do whatever might be necessary to enable the plaintiffs to receive from the post office department such sums as might become due upon the contracts; and that accordingly, the plaintiffs, at the defendant's instance, carried the mail under these contracts from the day aforesaid until the 1st of December, 1837; for which they were entitled to receive eight thousand eight hundred and sixteen dollars, of which eighteen hundred and eighty four dollars have been paid to them, leaving a balance of six thousand nine hundred and thirty two dollars and sixty seven cents yet due to them. They further allege that the defendant has utterly neglected to make the aforesaid assignments, or take any of the steps necessary to enable them to receive the said sum from the post office department. Wherefore they pray judgment for the said sum, and for general relief.

The answer admits the adjudication of the two contracts to the defendant and Reeside, the purchase of Reeside's share by the defendant, the latter's agreement to assign the two contracts to the plaintiffs for the consideration expressed in the petition, and their agreement to receive the same from the 1st January, 1835, and to transport the mail from that date. It avers the assignment of the contracts to the plaintiffs, who accordingly undertook to carry the mail, and received the sum stated in the petition. All the other allegations were denied. There was a verdict and judgment for the defendant, and the plaintiffs appealed, after an unsuccesful attempt to obtain a new trial.

Two bills of exception, which were taken in the court below on

the part of the plaintiffs, have been formally abandoned in this court. A close examination of the testimony has impressed us with the conclusion, that the new trial ought to have been granted. The assignment of the two contracts is not, in our opinion, sufficiently established by the evidence.

It is therefore ordered that the judgment be reversed, the verdict set aside, and the case remanded for a new trial; the defendant and appellee paying the costs of the appeal.

*Lockett* and *Micou*, for the appellants.

*Eustis* and *Robinson*, for the defendant.